**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Jeenah Moon,
450 West 42nd Street
New York, NY 10036
                  Plaintiff,

          v.

Patient Advocacy & Beyond LLC,
8501 Coltrane Court, Ste 305
Ellicott City, MD 21043

                  Defendant.

Case No:

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Jeenah Moon ("*Plaintiff*"), by and through her undersigned counsel, for her Complaint against defendant Patient Advocacy & Beyond LLC ("*Defendant*") states and alleges as follows:

## INTRODUCTION

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*. and for violation of the Digital Millennium Copyright Act ("*DMCA*"), 17 U.S.C. §1202(b).

2. Plaintiff is a professional photojournalist and editorial photographer whose work has been widely published by national and international news organizations.

3. Plaintiff regularly photographs newsworthy events, businesses, public-interest matters, healthcare institutions, retail establishments, and other subjects of editorial significance. Through substantial investment of time, skill, creativity, training, equipment, and expense, Plaintiff has developed a valuable portfolio of original photographic works that are routinely licensed for authorized editorial, commercial, promotional, and digital-media uses.

4. Plaintiff created a photograph depicting a CVS Pharmacy location (the "*Photograph*") in which Plaintiff owns the rights and licenses for various uses including online

and print publications.

5.    Defendant provides patient advocacy, healthcare-navigation, care-coordination, healthcare consulting, and related services to patients, caregivers, and families seeking assistance with healthcare-related issues.

6.    Defendant owns and operates a website located at www.patientadvocacybeyond.com (the "*Website*").

7.    Upon information and belief, Defendant uses the Website as a primary platform through which it markets, promotes, and provides information concerning its services, educates consumers regarding healthcare-related issues, establishes professional credibility, attracts prospective clients, generates business opportunities, and enhances Defendant's brand visibility.

8.    Defendant, without permission or authorization from Plaintiff, reproduced and publicly displayed the Photograph on the Website in connection with its commercial activities and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

9.    Plaintiff is a citizen of the State of New York and maintains a principal place of business in New York County, New York.

10.   Defendant is a Maryland limited liability company with a principal place of business at 8501 Coltrane Court, Ellicott City in Howard County, Maryland.

## JURISDICTION AND VENUE

11.   This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

12.   This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Maryland.

13.   Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

**A.      Plaintiff's Copyright Ownership**

14.      Plaintiff has devoted substantial time, skill, effort, and expense to developing her photography business and creating a portfolio of original photographic works.

15.      Plaintiff's photographs are valuable intellectual-property assets that are commercially licensed to publishers, media outlets, websites, businesses, marketing agencies, and other third parties for authorized use.

16.      Plaintiff derives income from the licensing and authorized use of copyrighted photographic works and relies upon licensing revenue as an important component of her photography business.

17.      Plaintiff actively protects her copyrighted works against unauthorized reproduction, distribution, and display.

18.      Unauthorized use of Plaintiff's photographs deprives Plaintiff of licensing income, diminishes the value of her copyrighted works, and interferes with the market for authorized licenses.

19.      Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office covering many of her photographs.

20.      Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

21.      On January 31, 2020, Plaintiff first published the Photograph. A copy of the Photograph is attached hereto as Exhibit 1.

22.      Plaintiff published the Photograph by commercially licensing it to the New York Post for the purpose of display and/or public distribution.

23.      In creating the Photograph, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image and made each and every artistic determination necessary for the creation of the work.

24.      On March 31, 2020, the Photograph was registered by the USCO under Registration

3

No. VA 2-201-988.

25.     Plaintiff created the Photograph with the intention of it being used commercially and for the purpose of display and/or public distribution.

**B.    Defendant's Infringing Activity**

26.     Defendant is the registered owner of the Website and is responsible for its content.

27.     Defendant is the operator of the Website and is responsible for its content.

28.     The Website forms part of and is used to advance Defendant's commercial enterprise.

29.     Upon information and belief, the Website serves as an important component of Defendant's business operations and functions as a public-facing resource through which Defendant disseminates healthcare-related articles, educational materials, industry commentary, and information concerning Defendant's services.

30.     Upon information and belief, Defendant uses articles and educational content published on the Website to attract potential clients, establish trust with consumers, increase public awareness of Defendant's services, improve search-engine visibility, and generate business opportunities.

31.     Upon information and belief, Defendant derives commercial benefit from traffic to the Website through increased public exposure, client acquisition, brand development, professional credibility, referral opportunities, and related revenue-generating activities.

32.     Upon information and belief, the Website forms part of Defendant's commercial enterprise and is used to attract potential clients, promote Defendant's services, increase public visibility, generate business opportunities, and enhance Defendant's brand recognition.

33.     Upon information and belief, Defendant derives commercial benefit from operation of the Website through client acquisition, brand promotion, audience engagement, public visibility, and related revenue-generating activities.

34.     The Website is used to promote Defendant's patient-advocacy and healthcare-related services to the public and, upon information and belief, Defendant derives commercial

4

value from those activities through client acquisition, professional exposure, business development, and related revenue-generating opportunities.

35. Upon information and belief, Defendant failed to implement and/or adequately enforce procedures designed to verify copyright ownership before publishing third-party photographs through the Website.

36. Upon information and belief, Defendant is a sophisticated commercial enterprise that regularly utilizes professional photography and visual content in connection with the promotion of its services, publications, educational materials, and related commercial activities.

37. Upon information and belief, Defendant regularly utilizes photographs, visual media, educational content, healthcare-related imagery, and related creative works in connection with the development, publication, and promotion of content appearing on the Website.

38. Upon information and belief, Defendant is a sophisticated business operating in an industry in which the use of professional photography, editorial imagery, and third-party creative content is common.

39. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

40. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

41. Upon information and belief, Defendant takes an active and pervasive role in the creation, selection, acquisition, licensing, editing, publication, posting, promotion, and display of content appearing on the Website, including Plaintiff's Photograph.

42. On or about February 2, 2020, without permission or authorization from Plaintiff, Defendant reproduced and publicly displayed the Photograph on the Website as part of an online article at URL: https://www.patientadvocacybeyond.com/post/danger-in-your-pill-bottle (the

5

"Infringement"). A copy of a screengrab depicting the Infringement is attached hereto as Exhibit 2.

43.    The Photograph was intentionally and volitionally reproduced, displayed, and stored by Defendant at URL: https://static.wixstatic.com/media/7b13a1_b37d1703726347d6ae 30b447a9dc0943~mv2.jpg/v1/fill/w_740,h_493,al_c,q_85,usm_0.66_1.00_0.01,enc_auto/7b13a 1_b37d1703726347d6ae30b447a9dc0943~mv2.jpg.

44.    The Infringement is a copy of Plaintiff's original image that was directly copied and displayed on the Website by Defendant.

45.    Plaintiff first observed the Infringement and Defendant's violation of the DMCA on September 6, 2023.

46.    Upon information and belief, Defendant reproduced, displayed, distributed, and otherwise exploited the Photograph without license or permission, thereby infringing Plaintiff's copyrights in and to the Photograph.

47.    The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

48.    Upon information and belief, Defendant takes an active and pervasive role in the content posted on the Website, including, but not limited to copying, posting, selecting, commenting on, and displaying images including but not limited to Plaintiff's Photograph.

49.    Upon information and belief, the Photograph was intentionally and willfully selected, published, displayed, and distributed by Defendant.

50.    Upon information and belief, Defendant used the Photograph to enhance the visual appeal, credibility, quality, and reader engagement of the article in which it appeared.

51.    Upon information and belief, the Photograph was selected because it depicted a CVS Pharmacy location and was directly relevant to the subject matter of Defendant's article concerning prescription medications and patient-healthcare issues.

6

52.     Upon information and belief, Defendant derived commercial value from using the Photograph to attract visitors to the Website, retain reader attention, and enhance the effectiveness of its educational and promotional content.

53.     Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was unaware of the infringing activities constituting the Infringement because such a claim would amount to willful blindness.

54.     Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

55.     Upon information and belief, Defendant exercised editorial, managerial, and operational control over content appearing on the Website.

56.     Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on the Website and exercised and/or had the right and ability to exercise such right.

57.     Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

58.     Upon information and belief, the Infringement increased engagement with the Website and generated additional audience traffic, brand visibility, customer interest, promotional value, and commercial value for Defendant.

59.     Upon information and belief, the Infringement increased engagement with the Website and generated additional audience traffic, brand visibility, customer interest, promotional value, and commercial value for Defendant.

60.     Upon information and belief, a large number of people have viewed the unlawful copy of the Photograph on the Website.

61.     Upon information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

62.     Defendant's use of the Photograph harmed the actual market for the Photograph.

7

63.     Defendant's use of the Photograph, if widespread, would harm Plaintiff's potential market for the Photograph.

64.     On September 21, 2023, Plaintiff, via counsel, served a letter seeking to address the complaints contained herein concerning Defendant's infringement of Plaintiff's rights-protected work.

65.     Despite receiving notice of Plaintiff's claims and being afforded an opportunity to resolve the matter without litigation, Defendant failed and/or refused to adequately address Plaintiff's claims.

66.     The commencement of this action was therefore necessary to protect Plaintiff's rights under the Copyright Act.

67.     As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### *(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

68.     Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

69.     The Photograph is an original, creative work in which Plaintiff owns a valid copyright.

70.     The Photograph is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

71.     Plaintiff has not granted Defendant a license or the right to use the Photograph in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

72.     Without permission or authorization from Plaintiff and in violation of Plaintiff's rights under 17 U.S.C. §106, Defendant copied, reproduced, distributed, and publicly displayed the Photograph, thereby violating Plaintiff's exclusive rights under the Copyright Act.

73.     Defendant's reproduction of the Photograph and display of the Photograph constitutes willful copyright infringement.

74.    Upon information and belief, Defendant willfully infringed Plaintiff's copyrighted Photograph in violation of Title 17 of the United States Code by using, publishing, posting, displaying, communicating, publicizing, and otherwise holding out to the public for commercial benefit Plaintiff's original Photograph without Plaintiff's license, consent, or authorization.

75.    As a result of Defendant's violations of Title 17 of the United States Code, Plaintiff is entitled to an award of actual damages and disgorgement of Defendant's profits attributable to the Infringement as provided by 17 U.S.C. §504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award of statutory damages pursuant to 17 U.S.C. §504(c).

76.    As a result of Defendant's violations of Title 17 of the United States Code, the Court in its discretion may allow recovery of full costs as well as reasonable attorney's fees pursuant to 17 U.S.C. §505.

77.    As a result of Defendant's violations of Title 17 of the United States Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of Plaintiff's copyrights pursuant to 17 U.S.C. §502.

## SECOND COUNT
### (Removal and/or Alteration of Copyright Management Information 17 U.S.C. § 1202(b))

78.    Plaintiff repeats and incorporates, as though fully set forth herein, each and every allegation contained in the preceding paragraphs, as though set forth in full herein.

79.    The Photograph as originally published in the New York Post, at URL: https://www.nytimes.com/2020/01/31/health/pharmacists-medication-errors.html, contained a gutter credit attributing Plaintiff as the author of the work. Such credit qualifies as copyright management information ("*CMI*") under section 1202(c) of the DMCA, 17 U.S.C. §1202(c). A copy of a screengrab of the Original Source page is attached hereto as Exhibit 3.

80.    Defendant distributed the Infringement without Plaintiff's CMI, as there was no credit provided to Plaintiff upon Defendant's display of the Photograph.

81.    Upon information and belief, Defendant's distribution of containing the Photograph

9

was done with actual knowledge that Plaintiff's CMI was removed and/or altered without Plaintiff's permission.

82.     Upon information and belief, Defendant had reasonable grounds to know that its distribution of the infringing on-line posts containing the Photograph would induce, enable, facilitate, or conceal its infringement.

83.     Upon information and belief, in addition to removing the Plaintiff's CMI, Defendant also removed the metadata from the Photograph.

84.     Defendant's conduct violates 17 U.S.C. § 1202(b).

85.     Plaintiff has sustained substantial injury and monetary damages as a result of Defendant's wrongful acts as herein alleged, and as a result of being involuntarily associated with Defendant, in an amount to be proven at trial.

86.     As a result of Defendant's violations of the DMCA, Plaintiff is entitled to recover actual damages, Defendant's profits attributable to the violation, or statutory damages pursuant to 17 U.S.C. §1203(c) in an amount to be determined at trial.

87.     As a result of Defendant's violations of the DMCA, the Court in its discretion may allow recovery of full costs as well as reasonable attorney's fees pursuant to 17 U.S.C. §1203(b)(4) and (5).

## JURY DEMAND

88.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a.     finding that Defendant infringed Plaintiff's copyright interest in and to the Photograph by copying and displaying it without a license or consent;

    b.     for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b)

10

in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

e. for pre-judgment interest as permitted by law; and

f. for any other relief the Court deems just and proper.

DATED: August 10, 2026

**SANDERS LAW GROUP**

By: ___ */s/ Craig Sanders* _____
Craig Sanders, Esq.
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group
File No.: 128768

*Attorneys for Plaintiff*

11